# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

**RAFAEL E. CINTRON-GARCIA, et al.,**

**Plaintiffs,**

**v.**                                          **Civil No. 10-2023 (GAG)**

**SUPERMERCADOS ECONO, INC., et al.,**

**Defendants.**

## OPINION AND ORDER

Plaintiffs Rafael E. Cintron-Garcia ("Plaintiff") and his wife, Norma I. Ortiz-Colon[1], filed a complaint against Supermercados Econo, Inc. ("Econo" or "Defendant") alleging disability discrimination, retaliation and wrongful termination. The action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Plaintiff alleges violations to the Privacy Act, 5 U.S.C.A.§552a and the Health Insurance Portability & Accountability Act of 1996 (HIPAA), 42 U.S.C. §§ 1320d, *et seq.* Plaintiff also invokes the supplemental jurisdiction of the court to adjudicate his claims under Puerto Rico state laws, to wit: Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; Puerto Rico Law 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, §§ 185a *et seq.*; and Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 & 1803"), P.R. Laws Ann. tit. 31, §§ 5141, 5142.

Presently before the court is Defendant's motion to dismiss (Docket No. 55). Econo moved

---

[1] Plaintiff's wife's claims are derivative, therefore, the court will treat the matter as if Cintron-Garcia were the sole plaintiff.

to dismiss under Federal Rule of Civil Procedure 12(b)(6) on grounds of failure to exhaust administrative remedies.  Plaintiff opposed the motion (Docket No. 56).  After reviewing these and other submissions and the pertinent law, the court **GRANTS** Defendant's motion to dismiss at Docket No. 55.

### I.    Legal Standard

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief."  Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted).  "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level."  Id. at 555.  In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor.  Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'"  Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

### II.    Factual and Procedural Background

Plaintiff was employed by Econo as a produce assistant manager in Ponce, Puerto Rico in February 2005.  In June 2005, he began working as produce manager in Aibonito.  On May 16, 2006, Plaintiff was diagnosed with renal failure and was required to undergo dialysis on a regular basis.  After Plaintiff was diagnosed with this illness he took a medical leave.  When he returned to work

from the leave Plaintiff alleges he was subjected to discriminatory comments by his supervisors, regarding his health problems.  He suffered a salary change, his duties changed, and he was transferred back to Ponce.  Plaintiff alleges to have been discriminated against at the new location because of his condition.

Plaintiff filed a charge of discrimination with the Anti-Discrimination Unit of the Commonwealth of Puerto Rico Department of Labor ("ADU") in Ponce, on May 2, 2007, checking 'disability' under cause of discrimination.  (See Docket No. 55-1 at 2.)  This charge was numbered 70406cp.  (See id.)  Plaintiff was terminated from his job on July 16, 2007.  (See Docket No. 55-2 at 3.)  On April 9, 2008, Plaintiff amended his charge of discrimination to include retaliation as a cause of discrimination.  (See Docket No. 55-3.)  On May 21, 2008, the Equal Employment Opportunity Commission ("EEOC") issued Defendant a Notice of Charge of Discrimination under the Americans with Disabilities Act ("ADA") with the following EEOC charge number 16H-2007-00772.  (See Docket No. 55-2.)  Almost a year later, on April 13, 2009, the EEOC issued a right to sue letter ("First Letter") based on the following charges: Title VII, the ADA and/or the Age Discrimination in Employment Act ("ADEA").  (See Docket No. 55-4.)  Plaintiff did not file a lawsuit within the ninety day statutory requirement.  Defendant contends that Plaintiff is barred from claiming any remedy under Title VII since he failed to exhaust administrative remedies.

Plaintiff counter alleges that the complaint is not time barred since he filed it within ninety days of receiving a second right to sue letter ("Second Letter") issued by the EEOC on July 16, 2010.  (See Docket No. 55-7.)  Defendant contends that because this Second Letter refers to the same charge as the First Letter, Plaintiff is barred to present a claim in federal court because he failed to file a claim within ninety days of the receipt of the First Letter.  Plaintiff states that after receiving the April 13, 2009 right to sue letter, he received a letter dated March 15, 2010 from the ADU, titled "Amended . . .".  The letter informed that the ADU determined there was no probable cause for Plaintiff's claim of disability discrimination in his employment.  (See Docket No. 55-5.)  The letter set forth a reconsideration procedure if Plaintiff disagreed.  (See Docket No. 55-5.)  There is a second letter from the ADU dated April 12, 2010.  This letter refers to Plaintiff's request of reconsideration of the ADU's "no cause" ruling.  The ADU referred the case to the Legal Affairs

Bureau of the Department of Labor so it could be evaluated and recommendations could be made to the Secretary of Labor.  (See Docket No. 55-6.)  The next communication that Plaintiff received was the EEOC's Dismissal and Notice of Rights dated July 16, 2010 (the Second Letter) which had a different charge number (16H-2010-00303) than the First Letter.  (See Docket No. 55-7.)

Plaintiff filed the instant complaint against Econo on October 21, 2010, within ninety days of the receipt of the Second Letter.  (See Docket No. 1.)  On, May 30, 2011, Econo filed a Rule 12(b)(6) motion to dismiss Plaintiff's Title VII and ADA claims for failure to exhaust administrative remedies.  (See Docket No.55.)  Plaintiff responded with a motion in opposition.  (Docket No. 56.) Defendant replied.  (See Docket No. 59.)  Since the second EEOC right to sue letter refers to a charge with a different number than the First Letter, the court ordered Plaintiff to submit for the record a copy of the EEOC charge of discrimination that corresponds to the charge number referenced in the Second Letter, and the causes of discrimination included in that charge.  (See Docket No. 60.)

Plaintiff submitted a motion in compliance stating that there was no new charge of discrimination and that the EEOC charge of discrimination number 16H-2010-0030 refers to the original charge presented by Plaintiff on May 2, 2007.  (See Docket No. 62.)  Plaintiff explained that after presenting the original and the amended charge (including retaliation), at the ADU office in Ponce, he went to the EEOC office in San Juan and presented a copy of the aforementioned charges. Plaintiff claims that the EEOC office in San Juan started a separate investigation of the same charges and issued the First Letter without jurisdiction.  (See Docket No. 62 at 2, § 4-6 and at. 3 § 10-11.) Plaintiff contends that "by statutes and regulations" only the EEOC Miami district office can issue valid right to sue letters for charges filed in front of the ADU and local EEOC offices.  (See Docket No. 62 at 2-3, § 9.)

In response to Plaintiff's motion, Defendant accused Plaintiff of knowingly submitting false information to mislead it and the court into believing that he had filed a new 2010 charge in front

of the EEOC and/or the ADU.[2]  (See Docket No. 67 at 4 § 8.)  In light of this serious imputation, the court ordered Plaintiff to reply to Defendant's motion.  (See Docket 68.)  Plaintiff filed a response asserting that he had never alleged that the Second Letter was in response to a new charge filed by him.  (See Docket No. 71.)  He alleges that there is in fact contradictory evidence from the EEOC and the ADU that can not be construed as false information submitted by him.  (See Docket No. 71 at 3 ¶ 6.)  In his reply, Plaintiff requests an evidentiary hearing or an initial scheduling conference in order to delve into the EEOC and ADU's internal proceedings to discover why the EEOC produced two right to sue letters, and why the ADU sent Plaintiff a letter titled "Amended . . ." almost a year after the EEOC had issued its First Letter.  (See Docket No. 71 at 4 ¶ 7.)  At Docket 68, the court ordered that Plaintiff's reply to Defendant's motion to comply would be the final submission in this case.  Defendant filed a motion to strike Plaintiff's reply.  (See Docket No. 73.)  This motion was denied.  (See Docket No. 77.)

### III.    Discussion

Defendant alleges that Plaintiff's complaint is time-barred since he did not file it within ninety days of the receipt of the First Letter issued by the EEOC on April 13, 2009.  Plaintiff counters that the complaint is not time-barred since it was filed within ninety days of a Second Letter issued by the EEOC on July 16, 2010.

The question before the court is whether a party is barred from filing a lawsuit in federal court after receiving a second right-to-sue letter, if that party failed to file a lawsuit within the ninety day period provided by a first right-to-sue letter.

### A.    Motion to Dismiss v. Summary Judgment

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  However, there is "a narrow exception 'for documents the

---

[2] Parties should refrain from making this type of serious accusations against each other without providing the court with the necessary evidence to support it.

authenticity of which are not disputed by the parties; for official public records; for documents central to the Plaintiff' claim; or for documents sufficiently referred to in the complaint.'" Alt. Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). A plaintiff's administrative charge filed with the EEOC or the ADU "may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice." Maldonado-Cordero v. A T & T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)). Therefore, the court will consider Plaintiff's administrative charge without converting the motion to dismiss into a motion for summary judgment. See Barber v. Verizon New England, Inc., 2005 WL 3479834 at *1 n.1 (D.R.I. Dec. 20, 2005) ("While a court deciding a Rule 12(b)(6) motion is normally constrained to consider only the plaintiff's complaint, a court may nonetheless take into account a document whose contents are linked to the complaint . . . such as a charge of discrimination filed with the [EEOC], without converting the motion into a summary judgment request.") (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).

## B.    Failure to Exhaust Administrative Remedies

Title VII and the ADA[3] require, as a predicate to a civil action, that the complainant first file an administrative charge with the EEOC[4] within a specified and relatively short time period, usually

---

[3] In Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275 (1st Cir. 1999), the First Circuit held that clams under the ADA are identical to claims under Title VII in that the claimant first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits. This omission bars the courthouse door.

[4] "In 'deferral states,' or states with a certified Fair Employment Practice Agency ('FEPA'), this process begins when a claimant files a charge of discrimination with either the state FEPA, in this case the ADU, or with the EEOC." Perez Cordero v. Wal-Mart PR, Inc., 235 F. Supp. 2d 95, 100 (D.P.R. 2002) (citations omitted). In their Worksharing Agreement, "the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." Lopez-Machin v. Indupro, 668 F. Supp. 2d 320, 325 (D.P.R. 2009). "[T]he Worksharing Agreement also establishes that Title VII charges filed with the Commonwealth are considered dual-filed, and 'vice versa.'" Id. (citations omitted). Accordingly, the filing of an administrative charge with the ADU is considered a filing with the EEOC.

180 or 300 days,[5] after the discrimination complained of, and that the lawsuit be brought within an even shorter period of ninety days after notice that the administrative charge is dismissed or after the agency instead issues a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1 (1st Cir. 2001) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-95 n.12, (1982)).  Despite occasional references to "jurisdiction," this is basically an exhaustion requirement coupled with a short statute of limitations both on complaining to the agency and on filing the subsequent court case.  Id. (citing Zipes, 455 U.S. at 393-95 n.12.)  Thus, exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency.  See Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir 2005).

### 1.    The Timely Filing of a Charge with the EEOC

Plaintiff complied with the first component of the exhaustion requirement.  He timely filed a charge of discrimination with the ADU and the EEOC checking 'disability' under cause of discrimination. After Plaintiff was terminated from his job, he amended his charge of discrimination to include retaliation as a cause of discrimination.  (See Factual Background, Section II.)  The problem lies with the second component of the exhaustion requirement: the timely filing of a lawsuit within the ninety day statutory period of the receipt of the right-to-sue letter.  Even though Plaintiff received a right-to-sue letter from the EEOC, he failed to file a complaint within the statutory ninety day period that was clearly laid out in the first right-to sue-letter dated April 13, 2009.

### 2.    The Receipt of a Right-to-Sue Letter from the Agency

Section 706(f)(1) of Title VII, dictates that upon receipt of notification from the EEOC of either its dismissal of the charge of discrimination or its failure to negotiate a conciliation between

---

[5] "In Puerto Rico, an aggrieved employee has 300 days from the occurrence of the employment action complained of to file an administrative charge in instances where the local Department of Labor is empowered to provide relief, i.e., in instances of 'deferral' jurisdiction." Rivera Abella, 470 F. Supp. 2d 86, 102 (D.P.R. 2007) (citing Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 n.4 (1st Cir. 1999); Lebron-Rios v. U.S. Marshal Service, 341 F.3d 7, 11 n.5 (1st Cir. 2003)).  "Otherwise, the applicable period is 180 days." Rivera Abella, 470 F. Supp. 2d at 103 (citing 42 U.S.C. § 2000e-5(e)(1)).

the parties, the party who filed the charge must file suit within ninety days or forfeit his right to bring a private civil action.  42 U.S.C. §§ 2000e-5(f)(1).  The ninety-day limitations period, however, begins to run only upon receipt by the charging party of unambiguous notice that the EEOC has terminated its administrative processing of the charge and has decided not to sue.  See Gonzalez v. Firestone Tire & Rubber Co. Et al., 610 F.2d 241, 245 (5th Cir. 1980).

An employee who fails to bring a complaint in federal court following receipt of a right-to-sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right-to-sue letter reference the earlier acts.  See Spears v. Mo. Dep't of Corr. & Human Res., 210 F.3d 850, 853 n. 2 (8th Cir. 2000) (refusing to consider an adverse employment action stemming from an earlier EEOC complaint where complainant did not file suit within ninety days of the prior EEOC decision).  In Brown v. Mead, 646 F.2d 1163, 1164 (6th Cir. 1981), the Sixth Circuit held that "a plaintiff in a Title VII action, who received two successive, facially valid right-to-sue notices from the [EEOC], but who did not commence a suit in a district court within ninety days of receipt of the first notice, is precluded from proceeding under the second notice."  The Sixth Circuit reached such conclusion even though the first-issued right-to-sue letter later turned out to be in error and was followed by the second letter with an admission by the EEOC to that effect.  Under some circumstances, the EEOC may issue a second right-to-sue notice upon completion of a discretionary reconsideration of a prior determination provided it has given notice to both parties of its decision to reconsider within the ninety-day period provided by the initial notice of right-to-sue.  A party may challenge the validity of that reconsideration and second notice only by showing that the sole purpose of reconsideration was to extend the initial notice period.[6]

---

[6] In the interests of accuracy and fairness, the EEOC should be able to reconsider a determination whenever such reconsideration would not prejudice the parties before it or violate the legislative purpose for which it was created.  A contrary conclusion that an EEOC notice once issued, no matter how flawed, could never be reconsidered could lead to unnecessarily harsh results for the party suffering the burden of the erroneous conclusion.  Gonzalez v. Firestone Tire & Rubber Co. Et al., 610 F.2d 241, 246 (5th Cir. 1980)

In the case at bar, there are two right-to-sue letters issued by the EEOC based on the same charge.  Plaintiff admits that he did not file a new charge with the ADU or the EEOC.  (See Docket No. 62 at ¶ 11.)  The First Letter was issued on April 13, 2009 and Plaintiff did not file a complaint within ninety days.  The Second Letter was issued more than a year later, on July 16, 2010, and was not issued as a result of a process of reconsideration of its first determination.  (See Docket Nos. 55-4 and 55-7.)  Since Plaintiff did not act upon the First Letter, he is precluded from filing suit based on the Second Letter.  Plaintiff needed to act upon the First Letter issued by the EEOC on April 13, 2009 within ninety days to confer jurisdiction upon this court.

Plaintiff also argues that the Second Letter refers to the original charge that he filed in May 2007, and the fact that it has a different charge number is a clerical error on the part of the EEOC San Juan office.  (See Docket 62 §11 at 3.)  Plaintiff has requested an evidentiary hearing or an initial scheduling conference in order to delve into the EEOC and ADU's internal proceedings and discover why the EEOC produced two right to sue letters when there was only one charge filed.  (See Docket No. 71 at 4 ¶¶ 6-7)  and why the ADU sent Plaintiff a letter titled "Amended", eleven (11) months after the EEOC had issued its First Letter.  (See Docket Nos. 55-5 and 55-6).  However, the court cannot make a factual inquiry into agency procedures to ascertain the validity of notices of right to sue on a case by case basis.  Neither party to a Title VII employment discrimination suit can raise administrative inconsistency or error to compel looking beyond a notice of right to sue to ascertain if the EEOC was acting in compliance with its regulations and procedures.  See Brown, 646 F.2d at 1167 n.7.

As it follows from the cited caselaw, in the instant case the court will not grant Plaintiff's request for an evidentiary hearing or an initial scheduling conference since the purpose of that request is to clarify the alleged inconsistencies underlying both right to sue letters.  It is clearly established that, even if the Second Letter refers to the original charge, failure to file the complaint before the court within ninety days of receiving the first right-to-sue letter precludes the corresponding civil action.  Therefore, the court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII and ADA claims for failure to exhaust administrative remedies.

Civil No. 10-2023 (GAG)                    10

### 3.    Equitable Tolling

Title VII's exhaustion requirement is subject to equitable exceptions. See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999).  However, the First Circuit has warned that "the federal standard reserves equitable tolling for exceptional cases." Id. at 279. "[E]quitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control (such as when her employer actively misleads her, and she relies on that misconduct to her detriment)." Id., at 279.  Cases in which the equitable tolling doctrine is invoked are most often characterized by some affirmative misconduct by the party against whom it is employed, such as an employer or an administrative agency.

Courts generally weigh five factors in assessing claims for equitable tolling: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." Kelley v. N.L.R.B, 79 F.3d 1238, 1248 (1st Cir. 1996).  Neves v. Holder, 613 F.3d 30, 36 n. 5 (1st Cir. 2010)

The instant case is not an exceptional case where equitable tolling applies.  Plaintiff claims that the First Letter issued by the San Juan EEOC area office was not valid because the San Juan office emitted it without jurisdiction.  In addition, Plaintiff alleges that the first right-to-sue letter referred to the ADU complaint filed by the Plaintiff and not to the charge he filed in front of the EEOC.  Plaintiff claims that only the EEOC Miami district office has jurisdiction to issue a right-to-sue letter that refers to the charge filed in front of the EEOC.  These arguments are without merit. First, both the San Juan local office and the Miami district office of the EEOC have jurisdiction over Puerto Rico and have the authority to issue right to sue letters.  Second, Plaintiff fails to recognize that according to the worksharing agreement between the ADU and the EEOC, a charge filed with the ADU is also considered filed with the EEOC.  Title VII charges filed with the Commonwealth are considered dual-filed, and vice versa.  Lopez-Machin v. Indupro, 668 F. Supp. 2d 320, 325 (D.P.R. 2009) (citations omitted).

Since Plaintiff fails to allege any affirmative misconduct on the part of the ADU that prevented him from effectively filing the instant lawsuit within the statutory ninety day period

established by the first right-to-sue letter, equitable tolling does not apply.  As a result, the court

**GRANTS** Defendant's motion to dismiss Plaintiff's Title VII and ADA claims for failure to exhaust

administrative remedies.

### C.        Claims under HIPAA and Privacy Act

Plaintiff alleges that confidential details regarding his medical condition, medical documents

and information were purposely or negligently revealed by Defendant to Plaintiff's co-workers

without his consent in violation of the Privacy Act and HIPAA.[7]  (See Docket No. 30 at ¶ 28.)

In <u>Valentin Munoz v. Island Finanace Corp.</u>, 364 F. Supp. 2d 131 (D.P.R. 2005), the court

established that HIPAA does not provide for a private cause of action.  Thus, Plaintiff' claims for

damages under HIPAA are without merit.  With regards to the Privacy Act, said act authorizes a suit

against certain agencies.  See <u>Parks v. Internal Revenue Serv.</u>, 618 F.2d 677 (10th Cir. 1980).  Under

the Privacy Act, an agency is defined as any executive department, military department, government

corporation, government controlled corporation, or other establishment in the executive branch of

the government (including the Executive Office of the President), or any independent regulatory

agency. 5 U.S.C. § 552 (6)(f)(1).  Econo does not fall into the definition of agency under the Privacy

Act.  Therefore, Plaintiff does not have a cause of action under that law.

Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiff's allegations under

HIPAA and the Privacy Act for failure to state a claim for relief.

### D.        Claims under Puerto Rico Laws

Plaintiff invokes the supplemental jurisdiction of the court to adjudicate his claims under

Puerto Rico Laws 100 and 80, as well as Articles 1802 and 1803.  With the dismissal of federal

claims against Defendant, there are no pending claims giving rise to federal jurisdiction. 12 U.S.C.

§ 1819(b)(2)(A).  As such, dismissal of pending state law claims is proper because an independent

jurisdictional basis is lacking.  Exercising jurisdiction over pendent state law claims once the federal

---

[7] The law specifically indicates that only the Secretary of Health and Human Services or other
authorized state authorities may bring forth a HIPAA enforcement action.  See 42 U.S.C. §
300gg-22.

**Civil No. 10-2023 (GAG)**                    12

law claims are no longer present in the lawsuit is discretionary.  See Newman v. Burgin, 930 F.2d

955, 963 (1st Cir .1991) (holding that "[t]he power of a federal court to hear and to determine state-

law claims in nondiversity cases depends upon the presence of at least one 'substantial' federal claim

in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this

power, in light of such considerations as judicial economy, convenience, fairness to litigants, and

comity[ ]").

In the instant case, the court chooses not to hear the state law claims brought by Plaintiff

against Defendant.   As such, the court will enter judgment **DISMISSING WITHOUT**

**PREJUDICE** Plaintiff's state law claims against Econo.

**IV.      Conclusion**

For the reasons set forth above, the court **GRANTS** Defendant's motion to dismiss at Docket

No. 55.  Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.  Plaintiff's state law

claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's request for an evidentiary hearing

and for an initial scheduling conference at Docket No. 72 is hereby DENIED.

**SO ORDERED**.

In San Juan, Puerto Rico this 17th day of October, 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge